# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

SUNDASIA BAKER,

        Plaintiff,

      v.

CORPORATION SERVICE COMPANY d/b/a
SALLIE MAE INC.,

        Defendant.

CIVIL ACTION NO._____

## NOTICE OF REMOVAL

**COMES NOW** Defendant Sallie Mae Bank, incorrectly identified as "Corporation Service Company d/b/a Sallie Mae Inc." ("SMB"), by and through its undersigned legal counsel, pursuant to 28 U.S.C. 1331, 1441, and 1446, and hereby petitions this Court for removal of this action currently pending in the General Court of Justice, Gaston County, North Carolina and designated as Civil Action No. 25CV006162-350. In support thereof, SMB states as follows:

## THE STATE COURT ACTION

1. On October 17, 2025, *pro se* Plaintiff Sundasia Baker ("Plaintiff") commenced the state court action, captioned Sundasia Baker v. Corporation Service Company d/b/a Sallie Mae Inc., Case No.: 25CV006162-350 (the "State Court Action"), by filing a Complaint in the General Court of Justice, District Court Division for Gaston County, North Carolina.

2. Even though the Complaint incorrectly identifies the defendant as Corporation Service Company ("CSC"), "doing business as Sallie Mae Inc.," CSC is SMB's agent for service of process. CSC inadvertently provided a copy of the Complaint to a

different company, who in turn forwarded the Complaint to SMB on or around November 3, 2025.[1]

3. Rather than include all her relevant claims in a single Complaint, Plaintiff opted to file three *additional* complaints against SMB (each with different causes of action) under Case Nos. 25CV006163-350, 25CV006165-350, and 25CV006167-350.

4. Plaintiff separately filed three different cases against CSC, improperly identifying the defendant as CSC, "doing business as National Enterprise Systems" ("NES"), at Case Nos. 25CV006383-350, 25CV006385-350, and 25CV006386-350.

5. On November 18, 2025, CSC filed a letter with the General Court of Justice confirming that as a registered agent for SMB and NES, it was improperly named as a defendant. Within its letter, CSC also sought an injunction against further case filings by Plaintiff. On December 12, 2025, CSC then filed a motion seeking dismissal from each of Plaintiff's aforementioned cases.

6. On December 23, 2025, SMB filed a motion to compel arbitration in the four cases in which it was a putative defendant based upon the terms of the subject student loan promissory notes executed by Plaintiff.

7. On February 6, 2026, CSC filed a motion to consolidate the hearings on its motion to dismiss into a single hearing to be held on February 9, 2026.

8. The General Court of Justice entered an Order granting CSC's motion to consolidate the hearings.

---

[1] The identification of "Sallie Mae Inc." as a putative defendant is incorrect. The servicer of the student loan at issue in this case is Sallie Mae Bank. Moreover, CSC does not do business as "Sallie Mae Inc." CSC is an entirely separate company from SMB. CSC is only SMB's agent for service of process.

9. On February 19, 2026, the General Court of Justice entered an Order dismissing CSC as a defendant and instructing Plaintiff to file an amended complaint properly naming the correct defendants.

10. On March 11, 2026, Plaintiff filed two separate amended complaints in the State Court Action. The first amended complaint names SMB as a defendant (the "Amended Complaint"), and purports to assert a claim under the federal Fair Credit Reporting Act ("FCRA"). The second amended complaint names NES as a defendant ("NES Complaint"), and purports to assert a claim under the federal Fair Debt Collection Practices Act ("FDCPA").

11. The Amended Complaint naming SMB as a defendant was served through undersigned counsel via electronic filing in the State Court Action on March 11, 2026.

12. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are attached as **Exhibit A**.

13. A copy of the docket in the State Court Action is attached as **Exhibit B**.

## TIMELINESS

14. The State Court Action was not removable to this Court until Plaintiff filed her Amended Complaint, which for the first time included a federal FCRA claim against SMB.

15. SMB files this Notice of Removal on the date set forth below, which is within thirty days of SMB's receipt of the Amended Complaints including the federal claims.

16. Consequently, the Amended Complaint is considered the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b)(1).

3

17. Because this Notice is filed within thirty days of SMB's service of the Amended Complaint on March 11, 2026, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

**FEDERAL QUESTION JURISDICTION**

18. The Amended Complaint against SMB involves a federal question concerning a purported claim under the FCRA. <u>See</u> Amended Complaint at ¶39 (citing 15 U.S.C. § 1681s-2). <u>See also</u> Amended Complaint at "Count III."[2]

19. Therefore, pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action based on the federal cause of action.

20. In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any additional claims in the Amended Complaint because they are part of the same case or controversy. This includes Plaintiff's claims challenging SMB's standing to enforce the promissory notes and for SMB's alleged violation of N.C. Gen. Stat. 75-1.1 for failure to correct disputed information reported to the credit reporting agencies.

21. Accordingly, this action is removable under 28 U.S.C. § 1441(a) as a "civil action brought in a State court of which the district courts of the United States have original jurisdiction."

22. This Court is in the judicial district and division embracing the place where the State Court Action was brought. Thus, this is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

---

[2]    Although SMB is removing the action based on the FCRA claim asserted against it, the amended complaint against NES also involves a federal question concerning a purported claim under the FDCPA. *See* NES Complaint at ¶¶25-33 (citing 15 U.S.C. § 1692g(b)).

4

**NOTICE OF REMOVAL**

23.    Pursuant to the requirements of 28 U.S.C. § 1446(d), SMB will give Plaintiff written notice of the filing of this Notice of Removal and shall file written notice of the filing of this Notice of Removal in the State Court Action. A copy of the Notice of Filing of Notice of Removal, without exhibits, is attached hereto as **Exhibit C**.

**CONSENT OF OTHER DEFENDANTS**

24.    Pursuant to 28 U.S.C. § 1446(b)(2)(A), when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

25.    Counsel for SMB has confirmed by reviewing the online docket for the State Court Action that no document or filing suggests that any other Defendant has been served.

26.    Moreover, as of the date of this Notice of Removal, SMB has no information to suggest that any other Defendant has been served. Therefore, consent of NES to removal is not required. *See Parker v. Johnny Tart Enterprises, Inc.,* 104 F.Supp.2d 581 at n3 (M.D. N.C. 1999) ("A defendant need not join in or consent to the notice of removal if: (1) the non-joining defendant has not been served with service of process at the time the notice of removal is filed...."); *see also Canadian American Ass'n of Professional Baseball, Ltd. V. Ottawa Rapidz,* 686 F.Supp.2d 579 at n3 (M.D.N.C. 2010).

WHEREFORE, SMB respectfully requests that this case be properly removed, that the Court accept jurisdiction over the action, and that this action be entered into the docket of this Court for further proceedings as if the action had already been instituted in this Court.

5

S/Madison V. Thornton\
Michael P. Thomas, Esq.\
N.C. State Bar No. 28122\
Email: mthomas@phd-law.com\
Madison V. Thornton\
N.S. State Bar No. 54423\
Email: mthornton@phd-law.com\
Patrick, Harper & Dixon L.L.P.\
Post Office Box 218\
Hickory, North Carolina 28603\
828/322-7741\
*Attorney for Defendant Sallie Mae Bank,*\
*incorrectly identified as Corporation Service*\
*Company d/b/a Sallie Mae Inc.*

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the Court's CM/ECF system. The undersigned mailed a copy of the foregoing to the Parties via U.S. Mail, with appropriate postage thereon, addressed as follows:

Sundasia Baker
1028 Joselynn Drive
Gastonia, NC 28054
*Pro Se Plaintiff*

R. Daniel Boyce
Maynard Nexsen, PC
4141 Parklake Ave., Suite 200
Raleigh, NC 27612
*Resident Agent for Defendant National Enterprise Systems*

This the 10th day of April 2026.

S/Madison V. Thornton
Madison v. Thornton