**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00308-KDB-MTO**

| | |
|---|---|
| **SUNDASIA BAKER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CORPORATION SERVICE COMPANY, D/B/A SALLIE MAE INC.,**<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant Sallie Mae Bank's ("SMB") Motion to Compel Arbitration (Doc. No. 5). The Court has carefully considered this Motion and the Parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the Motion.

## I. LEGAL STANDARD

The Federal Arbitration Act ("FAA") represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under Section 2 of the FAA, a written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an

arbitration provision which purports to cover the dispute, (3) a relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute." *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016); *see also Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015). Agreements to arbitrate are construed according to ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration. *See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2011). Whether parties have agreed to arbitrate a particular dispute is a question of state law governing contract formation. *See Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81 (2000).

If the Court sends a case to arbitration, it must stay the case if either party requests it, assuming that there is no other reason to dismiss which would otherwise support dismissal. *See Smith v. Spizzirri*, 601 U.S. 472, 474 (2024). For example, where all the claims at issue in a lawsuit are arbitrable, but neither party has requested a stay, the court may dismiss the lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Wake Cnty. Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011); *see also Choice Hotels Intern.*, 252 F.3d at 709-10 ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

Alternatively, where the claims at issue are arbitrable, but neither party has requested a stay, a court may choose to stay a lawsuit pending the parties' completion of arbitration. *See Silkworm Screen Printers, Inc. v. Abrams*, No. 91-1631, 1992 WL 317187, at *6 (4th Cir. Nov. 4,

1992) ("If the district court finds that [plaintiff] agreed to arbitrate ... it may either dismiss [plaintiff's] complaint for lack of subject matter jurisdiction or stay its proceedings pending arbitration and consideration of the award pursuant to Article V of the Convention.").

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff obtained three undergraduate student loans from SMB bearing account numbers ending in 8949, 7781, and 5231 (the "Loans"). *See* Doc. No. 6 at 17-65. By electronically signing the applications, Plaintiff agreed to be bound by the terms of the Loans. *Id*. at 23, 25, 27. The Loans, in which SMB is the identified lender, include express agreements to arbitrate, with a separate heading titled "Arbitration Agreement." *Id*. at 29, 37, 39, 47, 49, 57.

The "Arbitration Agreements" provide that each party has the option of requiring the arbitration of any claims brought by the other party in court to be fully resolved through arbitration: "To the extent permitted under federal law, you and we agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms." *Id*. at 37, 47, 57. The Arbitration Agreements provide that either party may elect to arbitrate "after a lawsuit has been filed and may be given in papers or motions in the lawsuit." *Id*. The Arbitration Agreements broadly define a "Claim" to include any dispute between the parties arising out of or related to the Loans:

> [a]ny legal claim, dispute or controversy between you and us that arises from or relates in any way to this Note…including, but not limited to, any dispute arising before the date of this Arbitration Agreement and any dispute relating to (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees relating to this Note; (2) other provision of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note…."

*Id*. The Arbitration Agreements further granted Plaintiff the right to timely reject the agreement to arbitrate within 60 days of the disbursement of loan proceeds, *id*., which she did not.

## III. DISCUSSION

Under the well-established law supporting arbitration agreements, the Parties' dispute must be resolved in arbitration. *See Kendall v. Reg'l Enters., LLC*, No. 5:24-CV-00180-KDB-SCR, 2024 WL 4375792, at *1 (W.D.N.C. Oct. 2, 2024). *Blount v. Wells Fargo Bank, N.A.*, No. 3:25-CV-00846-KDB-WCM, 2026 WL 660576, at *3 (W.D.N.C. Mar. 9, 2026). As described above, there is (and could be) no dispute that the Parties entered into agreements to arbitrate the claims at issue here. Therefore, the Court must compel arbitration of the Plaintiff's claims against Defendant.

In the exercise of the Court's discretion and in the absence of any request for a stay, the Court will dismiss this action upon directing that the Plaintiff's claims be arbitrated.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. Defendant's Motion to Compel Arbitration (Doc. No. 5) is **GRANTED**; and finding no non-arbitrable claims remaining, this action is **DISMISSED**;

2. The remaining pending motions seeking discovery—Doc. Nos. 12, 13, 14—which would not change the analysis above, are **DENIED** as moot; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: October 26, 2026

Kenneth D. Bell
United States District Judge